|,ARMSTRONG, C.J.,
dissents in part.
I respectfully dissent in part. I agree with the majority insofar as it affirms the judgment of the trial court in favor of the plaintiff and remands for a determination of the abuse of process and attorney’s fees claims. However, I respectfully disagree with the reversal of the judgment awarding the plaintiff $1,500 for the value of his services.
It is clear from the evidence cited in the majority’s opinion that there was no agreement between the plaintiff and the defendant as to the price to be paid for the photographs. Since LSA-C.C. art. 1927 provides that a contract is formed by the consent of the parties established through offer and acceptance, the validity of the contract at issue herein turns on there being proof, inter alia of a meeting of the minds as to the object of the contract and as to the price. Absent agreement as to price, the defendant cannot be said to have
*693 an obligation to pay the amount claimed by the plaintiff. Under these circumstances, the plaintiff is entitled to receive the value of his services under the civilian doctrine of quasi-contract or quantum meruit. See Minyard v. Curtis Products, Inc., 251 La. 624, 205 So.2d 422 (1967); Edmonston v. A Second Mortg. Co. of Slidell, Inc., 289 So.2d 116 (La.1974); Baker v. Maclay Properties Co., 94-1529 (La.1/17/95), 648 So.2d 888; Love v. E.L. Habetz Bioilders, Inc., 2001-1625 p. 15 (La.App. 3 Cir. 6/26/02), 821 So.2d 756, 767.
Lin the case at bar, the plaintiff has proved his entitlement to recover under quantum meruit. Furthermore, the plaintiff has shown that the defendant has been enriched by the value of the plaintiffs photographs; that the plaintiff has been impoverished to the extent of his direct and indirect costs; that the impoverishment was caused by the plaintiffs belief that the defendant would compensate him in a reasonable, although undefined, manner for his work; there is no other justification or cause for the plaintiffs impoverishment or the defendant’s enrichment; and the plaintiff has no other remedy at law.
The plaintiff and the defendant had the opportunity to present their evidence on the issue of the value of the plaintiffs services, and the trial court, albeit in the Seither case, fixed a reasonable fee. In the interest of judicial economy, I do not find it necessary to reopen this issue and require the trial court on remand to rehear the same evidence. The amount awarded satisfies the reasonableness standard of both quantum meruit and unjust enrichment.